The next case on the call of the docket this morning is agenda number 5, number 125981, People of the State of Illinois v. Anthony Hatter. Mr. Krieger. Good morning, Your Honors. Again, my name is Jonathan Krieger. I'm here on behalf of Anthony Hatter. This appeal presents a straightforward application of this Court's precedent for reviewing first-stage post-conviction petitions. My client's pro se petition set out an arguable claim that his plea counsel was ineffective for failing to discover a defense to the charges. But the circuit court summarily dismissed the petition, and the appellate court affirmed. The appellate court's approach, however, was squarely rebutted by established case law, and the appellate court should be reversed. Under the post-conviction statute, a petition can only be summarily dismissed if it is frivolous or patently without merit. If the petition meets this low standard, it is advanced to the second stage where counsel is appointed. Since most petitioners lack legal training or experience, the petition must be viewed liberally at the first stage. A petition advances to the second stage if it presents an arguable claim. This Court has explained that a claim is not arguable if it is based on delusional factual allegations or an indisputably meritless legal theory. This Court has also found that borderline cases should advance to the second stage. My client's petition is undoubtedly a pro se document, and given the liberal construction, it presents an arguable claim of ineffective assistance of counsel. My client pled guilty to two counts of criminal sexual assault with the element that he was a family member with F.T., the alleged victim in this case. Because my client and F.T. were not related by blood or by adoption, state needed to prove that they had lived together for six months to prove the family member element. But my client averts in his petition that was not the case. Although some of the handwriting in the petition is unclear, both parties agree that my client alleges that he only lived with the alleged victim for two months. For this type of ineffective assistance of counsel claim, a failure to investigate claim, the allegation of a plausible defense helps support both the performance and prejudice showings of the Strickland test, where at the first stage, arguable, arguably deficient performance and arguable prejudice. The main issue in dispute, it is undisputed in this case, excuse me, that counsel's performance was arguably deficient in not discovering this family member defense to the charges. The main issue in dispute is whether my client has made adequate allegations as to prejudice, arguable prejudice. The appellate court found that my client's allegations were insufficient on prejudice because the defense presented was not a defense to all of the charges. It was only a defense to the charges that my client pled guilty to. There are significant problems with this theory, as this Court found in People v. Hall. In People v. Hall, the Court found a substantial showing, a greater showing that's necessary than at the first stage, based on a defense that only applied to one of the three charges. In addition, the appellate court's theory relies on inferring guilt based on charges that were dropped, which is something that we generally do not do in other areas of our guilty plea precedence. The position, in fact, has no support in either logic or authority. But this Court need not reach the viability of the appellate court's new prejudice requirement, given the procedural posture here. This Court has found that at the first stage, a petitioner need not present a full claim in order to advance to the second stage. We expect pro se litigants to be able to identify which type of constitutional claim they're raising, but not to fully prove that claim at the first stage. That's what second stage is for, where counsel can be appointed and can shape the petition. In People v. Brown, this Court excused two omissions from the ineffective assistance proof in that case, because the petition was at first stage and should do the same in this case. So even if the appellate court's novel prejudice requirement is correct, he would not, my client would not need to make allegations as to the other defenses at this stage. That would come later. If the case was to be made later. What effect does Valdez have on a first stage analysis? The issue of whether or not to reject the plea was rational. How is the trial court supposed to look at that? I think the rationality of the decision to take a plea deal or to reject a plea deal is not relevant to this case. In the People v. Brown, this Court distinguished the Hall line of cases, the Hall and the Risley line of cases, which depend on the outcome of the trial from cases like Valdez, which is a good time case, or cases involving collateral consequences like a deportation or registration under the Sex Offender Registration Act. So I don't – I think in this case, under the 2017 Brown decision, the Court did distinguish between these two lines of cases. And because this case involves a defense, indeed, the key question here is whether counsel was ineffective for failing to find a defense. That would be the line of cases. The Hall line of cases would be the line of cases that applies. And we've also argued in our reply brief that, indeed, it would be irrational for my client to go to trial, given that he had a defense to the charges. If you have a defense to the charges you're pleading guilty to, why would you – why would you plead guilty? It wouldn't be rational. So even under the other standard, we think my client has made adequate allegations. Maybe I missed something there. But if at some point a court were to agree with you and the plea was vacated, would all of the other charges be reinstated? I think they would be. I mean, the State would have its option. But, yes, nothing would preclude them from raising it. Should that be factored into the analysis here? I don't think it should be factored. It certainly shouldn't be factored into it at this stage, given this is a first case petition. But even if this Court were to – I think it would factor in at a later stage. Even if this Court were to find that the appellate court's prejudice requirement was correct, that could be something that my client has pled a defense to the charges that he pled guilty to, and that if counsel was appointed at the second stage, counsel could investigate and raise that. And so that could be something that would be litigated later in the proceedings. It could easily be a pirate victory, couldn't it? I'm sorry. I didn't catch that. It could easily be a pirate victory for you. Yes. That would have damning consequences later. Well, I think if you're speaking of whether my client could get a higher sentence if it had gone back and he was convicted of more – of either more crimes or, you know, any room in the sentencing range to go up. But that's not – that's something that might happen eventually, but that's not something that's before this Court right now. The question is whether my client set out the gist of a claim or an arguable claim, and in this case he did. As I noted, the question of performance is not in dispute. The only question is prejudice. And my client, I think that if anyone looked at this – at this petition and looked at it with a liberal eye, they would see that this was a claim of ineffective assistance for this – a claim that is an arguable basis, in fact, in law, of ineffective assistance for failure to investigate. But the appellate court did not view the petition with a liberal eye, and as a result, its affirmance of the summary dismissal was error. And the State also argues that my client's claim was not substantiated. We can infer from the record and the nature of the claim why there might not be any further documentation. In this case, his allegation is that he only stayed with the family for two months, and so there – it's reasonable to think that there wouldn't be documentation of that. The question of – Can I ask another similar question? There was a factual basis during the plea that was stipulated, too, where the defendant was in open court. And in that, the factual basis indicated the sexual contact with a 13-year-old who had been asleep. In other words, the issue that you seem to be concerned about is the aggravating element of whether or not there was a family relationship here. But as to the acts, the actual acts themselves, the defendant pled guilty to those, stipulated those facts, and you're not challenging any of those here. We're not challenging the facts themselves, but I would dispute Your Honor's claim that this was – he's only disputing an aggravating factor. This is not an aggravated criminal sexual assault case. This is criminal sexual assault. If they didn't prove family member, they didn't prove the crime. I would also point out that nothing in – and before I move on, although my client did agree to the factual basis, the record does indicate, as in Hall, that there was some hesitancy about that. He initially said, wait, are you saying that that's what happened? And the court said, well, we're saying that that's evidence that we presented and only then did he agree to the factual basis. So similar to Hall, there was some sense at the time that there was some hesitancy to plead guilty. This case is a little different than Hall, though, because in Hall, the defendant was challenging in his PC his plea to aggravated kidnapping, a Class X felony. The two dismissed charges were Class I and Class III, I believe. I don't know how much the car was worth. It might be a Class II. Okay. Class I or Class II on the theft. But still, lesser charges. So I guess I get back to my first question. When we talk about rationality, do we ever look at sentencing exposure and the real possibility of somebody being sentenced to more versus less? In Hall, it's clear, the post-conviction petition, if it succeeded, that he would gain. Here, as Justice Carter indicated, the victory may not be so great as far as the sentencing exposure. But, again, at the first stage, do we look at that as far as rationality? I don't think that we look at that at any stage. I think in People v. Brown, the court really did distinguish between the Hall line of cases and the line of cases involving collateral consequences. So I don't think the rationality is the correct review. But even if it were, I would say that's not something that's proper for the first stage. It's possible that it might be a pyrrhic victory, but it's also possible that when counsel is appointed, they might be able to find defenses to the other charges. The State, in its brief, tries to patch together a claim of culpability based on the factual basis. But, as I pointed out in my reply, the factual basis doesn't support the other two elements that the other two theories that were used to charge my client in the indictment. Unless Your Honors have any other questions, since my client set out an arguable claim of ineffective assistance of counsel, we would ask the Court to reverse the appellate court and remand for second stage proceedings. Alistair Whitney for the appellate. Good morning, Your Honors, counsel. May it please the Court. My name is Alistair Whitney, Assistant Attorney General on behalf of the people of the State of Illinois. Your Honors, the critical question here for this Court to answer is whether defendant can show arguable prejudice. And critically, as this Court knows, under the Supreme Court's decision in Hill v. Lockhart, that case extended the Strickland two-part test to context in which it was And under Hill, in order to satisfy Strickland's prejudice wrong, the Supreme Court said that a defendant must show that there's a reasonable probability that but for counsel's errors, he would have rejected the entire plea agreement and insisted on going to trial. This Court in People v. Risley has added that further requirement, and so it's seen in this Court's decision in People v. Hall, that a defendant must accompany his claim of ineffective assistance of plea counsel with an articulation of actual innocence or a plausible defense that could be raised at trial. Now, Petitioner here has just simply not shown that there was a reasonable probability that but for his plea counsel's errors, he would have rejected the entire plea agreement. As discussed, Petitioner only brings a partial defense to the family member charges, which were only three of the nine charges that the people brought. He simply states that he was not the victim's family member. He does not ---- Kennedy, that is a defense to the two charges he pled to, though. Yes, Your Honor, it is. But he does not contest the underlying acts of sexual assault, nor does he contest any of the other theories in support of those. And so he simply says here that he was not the victim's family member. This does not show by itself that there was a reasonable probability that he would have rejected the entire plea agreement and proceeded to trial. And ---- Counsel, the opposing counsel says it doesn't matter at this stage. Too early. Response to that. It does matter, Your Honor. The Supreme Court of the United States said that in this context, to show prejudice under Strickland and under Hilby Lockhart, you must show that there was this reasonable probability that you ---- that Petitioner would have rejected the entire plea agreement and would have insisted on going to trial. Now, under Hall, it's like the flip side of that same coin. It's whether, in accompanying that claim of ineffective assistance of plea counsel, he could also say that he had a plausible defense, that he could have raised that trial. There is no evidence here that the State intended to drop any of the other six charges that did not rely on the family member status. And so Defendant would have ---- or Petitioner here, rather, would have had to defend himself on all of those other charges, the acts themselves, which he does not, again, contest or address, and the other theories supporting them. So it is required, even though it is a very low threshold. We agree with Petitioner that it is a very low threshold at this stage of the proceedings. We acknowledge that low threshold by not even contesting the allegedly or arguably deficient performance. He still must show this as the Supreme Court has instructed under Hill v. Lockhart. And it's important to note here also, Your Honors, that had Petitioner proceeded to trial, he would have had to defend himself again against these six other charges, assuming he could successfully defend himself against the family member charges. In this event, had he successfully defended himself at trial against those charges, his sentencing exposure would have remained 12 to 30 years, because they're all Class I felonies. He would still be facing, at minimum, a sentence 4 years greater than that which he received under the plea. But Hall looks at what he pled guilty to, right? No, Your Honor. I think the better reading of Hall is looking at whether Defendant offered a complete, plausible defense to the charge. The charge in Hall was aggravated kidnapping. And when Defendant in that case said that he was so drunk that he was unaware of the presence of a child in the back seat of a car, that was a complete defense to the charge of aggravated kidnapping, because knowledge is an element of that crime. And there was only one charge at issue in that case. Under Risley, the Court, this Court has required that Defendant must, and under Hall as well, that this Court has required that a Defendant must raise a plausible defense that he could raise at trial. But Hall didn't require plausible defenses to the other charges that were dismissed as part of the plea agreement. Isn't that right? It didn't, Your Honor. But those were less serious offenses. And the important thing here is to note that he did offer in that case, Petitioner did offer in that case a complete defense to the charge of aggravated kidnapping. So it just, that case simply just dealt with one charge. And again, the important, the important load, the load start here for this Court's analysis today is whether he could show that there was this reasonable probability that but for counsel's errors, he would have rejected the entire plea. And just simply saying I am possibly innocent or, you know, I'm not, excuse me, it's not even saying that. He abandoned his actual innocence claim before this Court today. He's just saying I'm simply not the victim's family member and nothing else. So for these reasons, this partial defense that Petitioner offers here is not a plausible defense as contemplated under this Court's decision in Risley and Hall. And it certainly does not show this reasonable probability that he would have rejected the entire plea. And with the sentencing exposure, there was also not a reasonable probability that the outcome would have been better for Petitioner. Given his extensive criminal history, it is likely that if he had insisted on going to trial, he would have faced a much harsher sentence than that which he received under the plea. So if this Court has no further questions. Thank you, Mr. Whitney. Thank you, Your Honors. Mr. Krueger. Unless Your Honors have any other questions, I have no rebuttal. Thank you. Thank you. Case number 125981, People v. State of Illinois v. Anthony Hatter, will be taken under advisement as Agenda Number 5. Thank you, Mr. Krueger and Mr. Whitney, for your arguments this morning.